UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANA TULLY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 CV 4434 |
| | ) | |
| v. | ) | |
| | ) | Judge Amy J. St. Eve |
| BOARD OF EDUCATION | ) | |
| OF THE CITY OF CHICAGO, | ) | Magistrate Judge |
| | ) | Geraldine Soat Brown |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BOARD'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT,
AND JURY DEMAND**

Defendant BOARD OF EDUCATION OF THE CITY OF CHICAGO ("Board"), by and through its counsel of record, General Counsel James L. Bebley and Assistant General Counsel Paul J. Ciastko, files this Answer and Affirmative Defenses to Plaintiff's Complaint and Jury Demand and states:

**Nature of Action**

1. This is an action for disability discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.,* and for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. ¶621 *et seq.*

**ANSWER:** Defendant Board admits the allegation in Paragraph 1 of the Complaint that Plaintiff Ana Tully ("Plaintiff") filed suit under these statutes, but denies it has violated the statutes or that the Board is liable in any way to Plaintiff.

2. Plaintiff Ana Tully is a 53 year-old female who suffered a workplace injury in November 2013 that left her disabled. She was discharged by the Board of Education from her position as a tenured teacher at Reilly Elementary School on or about July 21, 2014, because of the disability, a serious mobility impairment caused by her workplace injury that requires her to walk with a cane, and because of her age.

**ANSWER: Defendant Board admits that Plaintiff is a 53 year-old female based on self-reported personal information contained in Board records. Defendant Board further admits that Plaintiff self-reported that she received a workplace injury in November 2013. The Board also admits that Plaintiff was a tenured teacher at Reilly Elementary School on or about July 21, 2014. The Board denies the remaining allegations in Paragraph 2.**

### Parties

3. Plaintiff Tully is and has at all relevant times been a resident of Chicago, Cook County, Illinois.

**ANSWER: Defendant Board lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3.**

4. Defendant Board of Education of the City of Chicago ("Board") is an Illinois School District organized under the School Code of Illinois, and has its principal place of business in Chicago, Illinois.

**ANSWER: Defendant Board admits the allegations in Paragraph 4.**

### Jurisdiction and Venue

5. This Court has original subject matter jurisdiction over Plaintiff's ADA and ADEA claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The Court also has original subject matter jurisdiction over Plaintiff's ADEA claim pursuant to 29 U.S.C. § 626(c)(1).

**ANSWER:** **Defendant Board admits the allegations in Paragraph 5.**

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because all parties reside in this judicial district, and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

**ANSWER:** **Defendant Board admits the allegations in Paragraph 6.**

## Administrative Prerequisites

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on August 2, 2013, alleging that she had been discriminated against by the Defendant Board on the basis of her disability. Plaintiff received her right to sue letter from the EEOC letter on or about March 20, 2014. (Exhibit 1).

**ANSWER: Defendant Board admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on August 2, 2013, alleging that she had been discriminated against by the Defendant Board on the basis of her claimed disability. Defendant Board is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 7.**

8. On the EEOC intake questionnaire form Plaintiff completed when she went to the EEOC on or about August 2, 2013. Plaintiff checked the boxes for both "disability" and "retaliation" when asked to identify the form of employment discrimination she experienced. (Exhibit 2). The EEOC, however, did not include "retaliation" in the charge it drafted and had Tully execute that same day. (Exhibit 1). Tully was not represented by an attorney during the EEOC process.

**ANSWER: Defendant Board is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8.**

3

9. Plaintiff filed a charge of discrimination with the EEOC alleging age discrimination on May 16, 2014. Plaintiff has requested, but not yet received, her right to sue letter on this charge, which must be issued by the United States Department of Justice. (Exhibit 3). Plaintiff is also authorized by the ADEA to file a complaint alleging age discrimination sixty (60) days after the date of filing her charge of discrimination. Accordingly, the required administrative prerequisites will have been affected shortly, and judicial economy warrants bringing the ADEA claim as part of this action.

**ANSWER: Defendant Board admits that Plaintiff filed a charge of discrimination with the EEOC alleging age discrimination on or about May 16, 2014. Defendant Board is without knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff has requested, but not yet received, her right to sue letter on this charge. Defendant Board further admits that Plaintiff may file a complaint alleging age discrimination 60 days after filing her EEOC charge based on age discrimination. Defendant Board is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9.**

## Background Facts

10. Tully worked for the Defendant Board as a teacher for over 20 years. She consistently received the either the highest evaluative rating of "superior" or the next highest evaluative rating of "excellent" on her teaching evaluations.

**ANSWER: Defendant Board admits that Plaintiff has worked for the Board as a teacher for over 20 years. Defendant Board denies the allegation that Plaintiff consistently received either the highest evaluative rating of "superior" or the next highest evaluative rating of "excellent" on her teaching evaluations. While**

**many of Plaintiff's ratings were at the "superior" or "excellent" level, not all of her ratings were at that those levels.**

11. Tully received a teacher evaluative rating of "Superior" on her teacher evaluation review for the 2011-2012 school year, on May 30, 2012. The evaluation was not completed by the Principal that made the decision to discharge, her, Martha Irizarry.

**ANSWER: Defendant Board admits that Plaintiff received a teacher evaluative rating of "Superior" on her teacher evaluation review for the 2011-2012 school year. Defendant Board further admits that Plaintiff's evaluation for the 2011-2012 school year was not completed by Principal Irizarry. Defendant denies the remaining allegations in Paragraph 11.**

12. The May 12, 2012 evaluation was the last evaluation of Tully conducted prior to her workplace injury and discharge.

**ANSWER: Defendant Board admits that the May 12, 2012 evaluation was the last evaluation of Tully conducted prior to her self-reported workplace injury. Defendant Board denies the remaining allegations in Paragraph 12.**

13. Tully was injured at work on November 26, 2012, when her classroom closet overhead door fell on her head and neck.

**ANSWER: Defendant Board admits that Plaintiff self-reported that she was injured at work on November 26, 2012. Defendant Board is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13.**

14. As a result of this workplace injury, Tully has permanent injuries to her back, neck and knee, which limit, *inter alia,* the major life activities of walking,

5

particularly up and down stairs.

**ANSWER: Defendant Board is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.**

15. As a result of her disability, Tully walks with the assistance of a cane, and will likely have to walk with the assistance of a cane or another auxiliary aid for the remainder of her life.

**ANSWER: Defendant Board is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.**

16. Tully returned to work on December 13, 2012. She provided her school principal, Martha Irizarry, with the restrictions her doctor recommended, which included a recommendation that she not climb stairs, and that she be allowed to sit or stand as tolerated.

**ANSWER: Defendant Board admits that Plaintiff returned to work on December 13, 2012. Defendant Board further admits that Plaintiff requested that she be allowed to sit or stand as tolerated. Defendant Board denies the remaining allegations in Paragraph 16.**

17. Tully worked from December 13, 2012, to December 20, 2012, when the Winter Holiday break began. While Principal Irizarry did not provide any accommodations or acknowledge her restrictions, co-workers assisted her in tasks such as accompanying her students to other classes, recess and lunch, and making photocopies for her.

**ANSWER: Defendant Board admits that Plaintiff worked on December 13, 2012, and December 17-20, 2012. Defendant Board further admits that co-workers assisted Plaintiff in tasks such as accompanying her students to other classes, recess and lunch, and making photocopies for her. Defendant Board denies**

the remaining allegations in Paragraph 17.

19. Tully's physical condition worsened over the Holiday Break, and she began experiencing increased back pain and numbness. She nonetheless returned to work when school reconvened on January 3, 2013.

**ANSWER: Defendant Board admits that Plaintiff returned to work when school reconvened on January 3, 2013. Defendant Board is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18.**

19. Tully was admitted to the hospital on January 9, 2013, for the back pain and numbness she was experiencing. She returned to work on January 14, 2013, but requested that she be provided the accommodation of non-teaching administrative duties for a short period of time.

**ANSWER: Defendant Board admits that Plaintiff was at work on January 14, 2013. Defendant Board further admits that Plaintiff provided two doctor's notes in January 2013, one of which is dated January 16, 2013, and states in part: "Please be advised that the above named patient is under my care and can return to administrative duties for one month." Defendant Board is without knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff was admitted to the hospital on January 9, 2013, for the back pain and numbness she was experiencing. Defendant Board denies the remaining allegations in Paragraph 19.**

20. Irizarry did not agree to accommodate Tully by allowing her to perform non-teaching duties and would not consider any other accommodations that might permit Tully to work as a teacher. When Tully told Irizarry that she was communicating with the Board's Equal Opportunities Compliance Office (EOCO) regarding accommodations for her disability, Irizarry made several

7

statements indicating she did not want Tully back teaching at the school because of her restricted mobility and other matters associated with Tully's disability. The statements included angrily telling Tully that she did not want her at the school with a cane.

**ANSWER: Defendant Board admits that Irizarry did not agree to accommodate Plaintiff by allowing her to only perform non-teaching duties. Defendant Board denies the remaining allegations in Paragraph 20.**

21. When Tully contacted the Board's EOCO and requested help, the EOCO denied that Tully had a disability requiring an *ADA* accommodation, but did agree to provide certain accommodations for Tully.

**ANSWER: The Board admits that in a letter to Plaintiff dated June 27, 2013, the Board stated, in part: "[b]ased on the documents you have submitted as well as the documents submitted by your health care provider, the Board does not believe that you are a qualified individual with a disability, given that you have sought the assistance of an aide to perform essential job functions. In addition, a review of the statement submitted by your health care provider indicates that the condition that precipitated this request may have improved in accordance with your physician's prognosis." The Board further admits that in the same letter, it outlined the steps the Board had taken in response to Plaintiff's requests for assistance.**

22. Although Tully requested accommodations in January 2013, she was not permitted to return to work until the middle of June 2013.

**ANSWER: Defendant Board admits that Plaintiff requested accommodations in January 2013. Defendant Board denies the remaining the allegations in Paragraph 22.**

23. On or about July 21, 2013, Tully was notified by Irizarry that she was being discharged, purportedly as part of a reduction-in-force.

**ANSWER: Defendant Board admits that Plaintiff was notified by the Board that Plaintiff was being laid off. Defendant Board denies the remaining allegations in Paragraph 23.**

24. Defendant Board asserted Tully was being discharged as part of a reduction-in-force, and that Tully supposedly did not have a particular teaching endorsement that would allow to teach certain programs.

**ANSWER: Defendant Board admits that Plaintiff was notified by the Board that she was being laid off. Defendant Board further admits that Plaintiff did not have the necessary teaching endorsements to maintain her employment as a tenured teacher with the Board. Defendant Board denies the remaining allegations in Paragraph 24.**

25. Defendant Board's reasons for discharging Tully are completely false. Tully had all of the credentials necessary to teach any class or program offered at Reilly, and had such credentials and endorsements at all times.

**ANSWER: Defendant denies the allegations in Paragraph 25.**

26. The Board and Irizarry were well aware that Tully had the proper credentials and necessary endorsements, and simply manipulated the seniority and assignment system, and willfully misread endorsement and credential information, in a transparent scheme to ensure that Tully would be laid off in the RIF.

**ANSWER: Defendant Board denies the allegations in Paragraph 26.**

27. Irizarry has stated, in the presence of others, that she intended to take action to get rid of older teachers at Reilly Elementary. Irizarry did not want Tully teaching at Reilly because she is disabled and older.

**ANSWER: Defendant Board denies the allegations in Paragraph 27.**

9

28. Tully also asserts that, after further investigation or discovery, it is likely that her job duties were largely assumed by one or more significantly younger, non-disabled persons who did not seek reasonable accommodations for a disability or who did not suffer a workplace injury and seek worker's compensation benefits.

**ANSWER: This paragraph is based on conjecture and speculation and therefore Defendant Board denies the allegations in Paragraph 28.**

**Count I**
**ADA - Disability Discrimination**

29. Plaintiff restates and realleges paragraphs 1 to 28 as though fully set forth herein.

**ANSWER: Defendant Board restates and incorporates by reference its answers to Paragraphs 1 through 28 of Plaintiff's Complaint as though fully set forth herein.**

30. Plaintiff is a qualified person with a disability consisting of multiple infirmities that interfere with the major life activities of walking, sitting, standing for extended periods of time, and other mobility-related impairments.

**ANSWER: Defendant Board denies the allegations in Paragraph 30.**

31. Defendant was aware of Plaintiff's disability when it made the decision to discharge her.

**ANSWER: Defendant Board denies the allegations in Paragraph 31.**

32. Plaintiff's supervisor, who campaigned for and recommended her discharge, regarded Plaintiff as disabled.

**ANSWER: Defendant Board denies the allegations in Paragraph 32.**

33. Plaintiff was discharged because she is disabled and/or regarded as disabled, in violation of the Americans With Disabilities Act.

**ANSWER: Defendant Board denies the allegations in Paragraph 33.**

Wherefore, Plaintiff respectfully requests that she be granted all available relief, including:

A. Back pay, front pay, and compensatory damages;

B. Her reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988; and,

C. Such other relief as the Court deems proper.

**ANSWER:   Defendant Board denies Plaintiff is entitled to the relief requested in this Paragraph of the Complaint or to any relief whatsoever.**

## Count II
## ADA - Retaliation

34.    Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

**ANSWER:   Defendant Board restates and incorporates by reference its answers to Paragraphs 1 through 28 of Plaintiff's Complaint as though fully set forth herein.**

35.    Plaintiff requested a reasonable accommodation for her disability.

**ANSWER:   Defendant Board admits that Plaintiff requested accommodations. Defendant Board denies the remaining allegations in Paragraph 35.**

36.    Defendant retaliated against Plaintiff for requesting a reasonable accommodation for her disability by, *inter alia,* discharging her in violation of the anti-retaliation provisions of the ADA.

**ANSWER:   Defendant Board denies the allegations in Paragraph 36.**

Wherefore, Plaintiff respectfully requests that she be granted all available relief, including:

A. Back pay, front pay, and compensatory damages;

B. Her reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988; and,

C. Such other relief as the Court deems proper.

**ANSWER:** **Defendant Board denies Plaintiff is entitled to the relief requested in this Paragraph of the Complaint or to any relief whatsoever.**

## Count III
## ADEA - Discrimination

37. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

**ANSWER:** **Defendant Board restates and incorporates by reference its answers to Paragraphs 1 through 28 of Plaintiff's Complaint as though fully set forth herein.**

38. Plaintiff is 53 years old.

**ANSWER:** **Defendant Board admits that Plaintiff is 53 years old based on her self-reported birthdate contained in Board records.**

39. Plaintiff's direct supervisor has made statements explicitly expressing a desire to get rid of older teachers working at Reilly Elementary School.

**ANSWER:** **Defendant Board denies the allegations in Paragraph 39.**

40. Plaintiff's direct supervisor manipulated the seniority and credentialing process in order to ensure that Tully would be laid off as part of a reduction in force.

**ANSWER:** **Defendant Board denies the allegations in Paragraph 40.**

41. Plaintiff was intentionally targeted for layoff because of her age, 53, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

**ANSWER:** **Defendant Board denies the allegations in Paragraph 41.**

Wherefore, Plaintiff respectfully requests that she be granted all available relief, including:

A. Back pay, front pay, and liquidated damages;

B. Her reasonable attorney's fees and costs pursuant to 29 U.S.C.§§626 and 216(b); and,

C. Such other relief as the Court deems proper.

**ANSWER: Defendant Board denies Plaintiff is entitled to the relief requested in this Paragraph of the Complaint or to any relief whatsoever.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:

To the extent that Plaintiff is entitled to recover damages from Defendant, her recovery should be limited to the extent that she failed to properly mitigate her damages.

### SECOND AFFIRMATIVE DEFENSE:

To the extent Plaintiff failed to raise allegations set forth in the Complaint before the Equal Employment Opportunity Commission, those allegations are barred.

### THIRD AFFIRMATIVE DEFENSE:

To the extent Plaintiff seeks to recover for alleged incidents occurring outside the applicable 300-day limitation period for the filing of an administrative charge of discrimination and retaliation, Plaintiff may not recover for any such incidents of discrimination.

### FOURTH AFFIRMATIVE DEFENSE:

The employment decisions about which Plaintiff complains were based on legitimate business factors and not on a discriminatory or retaliatory motive.

### FIFTH AFFIRMATIVE DEFENSE:

Defendant established a reasonably accessible procedure by which alleged victims of discrimination, retaliation, or other inappropriate activities could make their complaints known to appropriate officials who were in a position to respond to complaints. Plaintiff unreasonably failed to use such procedures or to otherwise avoid harm.

# JURY DEMAND

Defendant Board requests a trial by jury.

          Respectfully submitted,

          JAMES L. BEBLEY
          General Counsel

By:    s/Paul J. Ciastko
          Assistant General Counsel
          Board of Education of the City of Chicago,
          Law Department
          125 South Clark Street, Suite 700
          Chicago, Illinois 60603
          (773) 553-1700

# CERTIFICATE OF SERVICE

    I caused a copy of the foregoing Answer, Affirmative Defenses to Complaint and Jury Demand to be served upon counsel of record via CM-EMF E-Filing pursuant to General Order on Electronic Case Filing, Section XI(C) on July 31, 2014.

          s/Paul J. Ciastko